No. 25    January 22, 2026    579

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID PAUL EATON,
*Defendant-Appellant.*

Marion County Circuit Court
12C48335; A179562

David E. Leith, Judge.

Submitted September 27, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

ORTEGA, P. J.

Affirmed.

_____

*  Lagesen, Chief Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Following a jury trial, defendant was convicted of second-degree murder with a firearm. ORS 163.115; ORS 161.610. Defendant admitted that he shot E, his estranged wife, and then planted a knife in her hand. At trial, defendant argued that he acted as a result of an extreme emotional disturbance (EED), which would reduce the offense to first-degree manslaughter. ORS 163.115(1)(a); ORS 163.135(1).[1] In three assignments of error, defendant contends that the trial court admitted evidence that was either inadmissible impeachment testimony on a collateral matter or irrelevant. In his fourth assignment of error, defendant argues that the trial court plainly erred when it did not instruct the jury that it could only reject defendant's EED defense if it did so unanimously. We conclude that the court did not err in admitting the challenged evidence and that any instructional error was harmless. Therefore, we affirm.

Defendant challenges the admission of evidence, during the state's case-in-chief, that defendant made contradictory statements about when he discovered that E suffered from mental illness and, contrary to a statement he had previously made, that the dental care she required was not related to methamphetamine use. He argued below that that evidence was irrelevant and impermissible impeachment evidence on a collateral matter. He also challenges the admission, over his objection that it was an irrelevant prior bad act, of a statement he made on an internet messaging board that he would reveal potentially embarrassing details about E if she did not leave the chat room. On appeal, defendant contends that the evidence at issue was inadmissible impeachment evidence on a collateral matter, and that it

---

[1] ORS 163.135(1) provides:

"It is an affirmative defense to murder in the second degree for purposes of ORS 163.115 (1)(a) that the homicide was committed under the influence of extreme emotional disturbance if the disturbance is not the result of the person's own intentional, knowing, reckless or criminally negligent act and if there is a reasonable explanation for the disturbance. The reasonableness of the explanation for the disturbance must be determined from the standpoint of an ordinary person in the actor's situation under the circumstances that the actor reasonably believed them to be. Extreme emotional disturbance does not constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

was not otherwise relevant to the state's case-in-chief. *See State v. Guzek*, 342 Or 345, 359, 153 P3d 101 (2007) ("[A] witness cannot be impeached as to merely collateral matters. * * * [A] fact is not collateral if the cross-examining party would have been entitled to prove it as part of and tending to establish its case." (Internal quotation marks omitted.)). The state responds that the evidence was admissible to impeach statements defendant made in a police interview, which was admitted as an exhibit and played for the jury, and that the challenged evidence was independently relevant to the facts at issue in the case.

We review a trial court's evidentiary rulings, including its determination of relevance under OEC 401, for legal error. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999); *State v. Rashad*, 310 Or App 112, 113, 483 P3d 1223 (2021).

After reviewing the record, including recordings of defendant's interviews with police immediately following the shooting, the transcript, and the exhibits, we conclude that the trial court did not err in admitting the challenged evidence. That evidence was relevant to the facts at issue in the case, that is, the history of defendant's relationship with E; defendant's narrative reflecting his experience and understanding of that relationship; and the accuracy and plausibility of his account of the circumstances leading up to the shooting. *State v. Barone*, 329 Or 210, 238, 986 P2d 5 (1999), *cert den*, 528 US 1086 (2000) ("OEC 401 establishes a very low threshold for the admission of evidence; evidence is relevant so long as it increases or decreases, even slightly, the probability of the existence of a fact that is of consequence to the determination of the action." (Internal quotation marks omitted.)). To the extent that defendant challenges the timing of the admission of that evidence as distinct from its admissibility, defendant has not persuaded us that he was harmed by any error in admitting the challenged evidence during the state's case-in-chief rather than during rebuttal.

In his final assignment of error, defendant argues that the trial court plainly erred when it did not instruct the jury that it must be unanimous in order to reject his EED defense. The record reflects, and defendant concedes, that the jury did, in fact, reject the EED defense by a unanimous

vote; as a result, the alleged instructional error was harm-
less. *State v. Ramos*, 367 Or 292, 363, 478 P3d 515 (2020)
(trial court's error in failing to require unanimity was
harmless where a jury poll showed that the verdict had, in
fact, been unanimous).

Affirmed.